IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALTON CHISCOLM, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:08-1233 |
| ) | JUDGE ECHOLS/KNOWLES |
| ) | |
| ) | |
| NASHVILLE TENNESSEE HOUSING, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the Motion of Metropolitan Development and Housing Agency ("MDHA") to "Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted," filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] Docket No. 14. MDHA has also filed a supporting Memorandum of Law. Docket No. 15.

Plaintiff submitted his Complaint in this action on October 20, 2008 (Docket No. 1), along with an application to proceed in forma pauperis (Docket No. 2). Initially, Judge Echols noted that the application was deficient, and granted Plaintiff thirty (30) days in which to submit additional information. Docket No. 3. Plaintiff submitted some additional information, but, on December 23, 2008, Judge Echols entered an Order denying the application. Docket No. 8. On December 31, 2008, Plaintiff submitted the filing fee.

---

[1] The Motion actually cites "Fed. P. R. Proc. 12(b)(7)." It is clear, however, that the Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6).

On January 8, 2009, Plaintiff submitted 14 pages of documents, which the Clerk docketed as an "Amended Complaint." Docket No. 11. The first page of the document states in relevant part as follows:

> Federal civil rights loss suet
>
> United State District of Tennessee Nashville Division Robert L. Echols sueing for 92 billion dollars D.C. 12/08/09 for Dalton Chiscolm, Sr. sueing 892 million billion dollars D.C.

Docket No. 11, p. 1. The words "92 billion dollars," however, have been crossed through.

Two pages of the document are pages from the Court's docket sheet in this action. Docket No. 11-2. Plaintiff also submitted 5 pages of photographs (Docket No. 11-3), one of which contains the handwritten words "xspose to lead and a apsta [*sic*]." Docket No. 11-3, p. 1. Although the photographs appear to be an interior or a home or an apartment, there is no explanation as to their significance.

Six pages of the "Amended Complaint" are simply copies of the original Complaint that Plaintiff had filed on October 20, 2008. Docket No. 11-3. The only substantive allegations of the Amended Complaint are as follows:

> Manerment nor mainterntmen had no atcuse's to go in my apartment what so ever I had to keep a lock no the kichen cabernit.
>
> I complane to manerment Ava Christin 4 times she never gave – a re-sponds I want to the police he call her a the police she would get right no it she never gave a responds I could never live like a human bean they did eve thing.
>
> All-so I have pictrues vanderlise bathroom vanesion blines I have pictrues of ever things.

Docket No. 13-3.

Plaintiff subsequently filed a "Mosion to Mode a Fide" which the Court construed as a

2

Motion to Amend to add a prayer for relief, and which the Court granted. Docket No. 16.

Fed. R. Civ. P. 12(b)(6) provides that an action may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. V. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Initially, the Court notes that Plaintiff has not made any factual allegations or legal arguments that would establish that this Court has subject matter jurisdiction of this action.

Read liberally, Plaintiff's Amended Complaint apparently avers that neither management nor maintenance had any excuse to go into Plaintiff's apartment. The Complaint, however, does not identify which management or maintenance Plaintiff is referring to, nor does it aver that management or maintenance ever actually went into Plaintiff's apartment. Additionally, Plaintiff apparently complained to some management person named Ava Christin, but she did not respond. Once again, however, Plaintiff does not explain who Ms. Christin is, or which management she is with, or what he complained to her about.

It also appears that Plaintiff believes that his bathroom and his venetian blinds have been

3

vandalized. Plaintiff, however, makes no allegations as to who committed such vandalism.

Finally, Plaintiff does not explain how any of the Defendants (and/or MDHA) might have been involved with anything mentioned in Plaintiff's Amended Complaint.

For the foregoing reasons, the undersigned recommends that MDHA's Motion to Dismiss (Docket No. 14) be GRANTED, and that this action be DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief can be granted[2] and for failure to allege facts showing that the Court has subject matter jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[2] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

4