# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DALTON CHISCOLM, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-1233 |
| ) | Judge Echols |
| NASHVILLE TENNESSEE HOUSING, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This is an action brought by *pro se* Plaintiff in which he alleges that unidentified management or maintenance personnel went into his apartment without his permission and that some unidentified individuals allegedly vandalized window blinds and the bathroom in his apartment. Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 17) in which the Magistrate Judge recommends that Defendant Metropolitan Development and Housing Agency's ("MDHA's) Motion to Dismiss (Docket Entry No. 14) be granted. No objections have been filed to the R & R, even though Plaintiff was specifically advised that any objections needed to be filed within 10 days of service of the R & R (Docket Entry No. 17 at 4).

Where, as here, no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b).

This Court has reviewed the entire file in this case and finds the Magistrate Judge properly applied the law to the facts presented. Specifically, even when the Complaint is liberally construed, it fails to state a claim upon which relief can be granted and fails to allege any facts which would

1

show that the court has subject matter jurisdiction.

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 17) is hereby ACCEPTED and APPROVED;

(2) Defendant MDHA's "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (Docket Entry No. 14) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE